Compiler of law

IN THE SUPERIOR COURT OF GUAM

WENDELL C. O'CONNOR (Minor) by and )     CIVIL CASE NO.: CV0149-08
through his Guardian Ad Litem WALTER A. )
O'CONNOR, )
                            Plaintiff,)     **DECISION AND ORDER**
                                     )    **RE. MOTION TO RECONSIDER**
            vs.                     )     **ORDER DISMISSING CASE**
                                       )    **FOR FAILURE TO PROSECUTE**
LITO CAPILI and SALLY CAPILI,        )
                       Defendants.)

This matter came before the Honorable Maria T. Cenzon on January 18, 2013, on Plaintiff's *Motion to Reconsider Order Dismissing Case for Lack of Prosecution.* Attorney William Gavras appeared on behalf of Plaintiff. Attorney Vince Leon Guerrero appeared on behalf of Defendants, who were represented by Attorney Mark Williams during the course of this case. At the conclusion of the hearing, the Court ordered Plaintiff to provide additional information evidencing Defendants' bankruptcy filing and status of the proceeding in the Bankruptcy Court.[1] On February 11, 2013, Plaintiff filed a *Memorandum to Court and Submission of Exhibits Regarding Plaintiff's Motion for Reconsideration.* The Court, having reviewed all of the pleadings and the oral arguments presented during the hearing of this matter, including the additional filing made by Plaintiff, now issues the following written Order **DENYING** Plaintiff's request for reconsideration.

## BACKGROUND

The procedural history of this case is set forth succinctly in the Court's order of August 8, 2012 as follows: The Complaint was filed on February 1, 2008 and assigned to the

---

[1] During the January 8, 2013 hearing, the Court required Plaintiff to file: (1) a copy of Defendants' Petition for Bankruptcy that was filed in the District Court of Guam, which would include the Schedule of Creditors; and (2) the District Court of Guam's Notice to Creditors of Automatic Stay. When Plaintiff failed to do so by February 5, 2013, the Court issued a written order mandating the submission by February 11.

Honorable Judge Elizabeth Barrett-Anderson. A jury demand was made and jury trials were scheduled for April 15, 2008, May 27, 2009 and February 3, 2010, respectively – all of which were vacated. On May 7, 2010, Attorney Gavras moved to withdraw as counsel for the Plaintiff and on June 30, 2010, the Court was informed by Attorney Gavras that Defendants had filed for bankruptcy protection in the District Court of Guam, Bankruptcy Division. At the time, the Court did not permit his withdrawal.[2] In denying counsel's withdrawal, the Court also dismissed the case without prejudice after finding that the case had been called back for status hearings every six months since June 30, 2010 and that Attorney Mark Williams (on behalf of the Defendants) failed to appear for any hearing after June 30, 2010. On August 8, 2012, the Court ordered the dismissal without prejudice but also granted his motion to withdraw.

Notwithstanding that he was granted his motion to withdraw on August 29, 2012, Attorney Gavras filed the instant *Motion* requesting that the August 8 Order be set aside and, further, if Plaintiff's claims are discharged in bankruptcy prior to the hearing on Plaintiff's motion, the case be dismissed due to such discharge. *Plaintiff's Mot. to Reconsider Order Dismissing Case,* at ¶¶ 1, 2. The hearing on Plaintiff's Motion was held on January 18, 2013; during which the Court ordered that Plaintiff produce additional documentation in support of the motion.

### DISCUSSION

The decision of whether to dismiss an action for failure to prosecute generally lies within the sound discretion of the Court and the Court's decision will not be disturbed absent a "clear abuse of discretion." GRCP 41(b); <u>Santos v. Carney,</u> 1997 Guam 4 at ¶4 (Guam 1997)(citing to *Lynn v. Chin Heung Intern., Inc.,* 852 F.2d 1221 (9th Cir. 1988)). The Guam

---

[2] At all times relevant prior to January 2013, the Honorable Elizabeth Barrett-Anderson, Senior Judge *Pro tempore,* presided over this case and issued the Order which is the subject of the instant Motion to Reconsider.

Supreme Court in *Santos v. Carney* recognized that the trial courts "may consider prevailing local conditions in administering their dockets," subject to ensuring that trial courts do not abuse their discretion by utilizing a procedural rule (here, dismissal for failure to prosecute) in doing so. Santos, 1997 Guam 4 (Guam 1997).

The Plaintiff argues that its hands were tied after Defendants' filing of the petition for bankruptcy on February 15, 2010 because of the automatic stay provisions under the Bankruptcy Code. Plaintiff cites to 11 U.S.C.A. §362(k)(1) as prohibiting the continued prosecution of the case against Defendant; however, that section only provides for the recovery of damages for willfully violating an automatic stay. The provision of the Bankruptcy Code which imposes the automatic stay is Section 362(a), which provides, in relevant part, as follows:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of--

>> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title….(Emphasis added).

During the hearing on January 18, 2013, the Court inquired whether Plaintiff sought relief in the bankruptcy court from the automatic stay. In response to whether Plaintiff proceeded against Defendants in Bankruptcy Court, Mr. Gavras's responded that Plaintiff was represented by a different attorney in the federal action – Attorney Mark Williams – and,

therefore, he had no knowledge of what occurred during the bankruptcy proceedings.[3] As the record indicates, Mr. Williams had not appeared before the Court since June 30, 2010 despite the Court holding status hearings every six months from June 30, 2010 until August 8, 2012 when Judge Barrett-Anderson dismissed the action without prejudice for failure to prosecute.

Allowing a lawsuit to languish for *over two years* after it has been scheduled to proceed to trial on *three separate occasions*, purportedly because a party files an intervening bankruptcy proceeding, is simply insufficient to support Plaintiff's request for reconsideration of the dismissal order. As the Supreme Court of Guam recognized in *Santos v. Carney*, involuntary dismissal for failure to prosecute is "a proper docket management tool and that dismissal may be proper in certain situations." Santos, 1997 Guam 4 (Guam 1997). Indeed, Rule CVR 41.1 of the Local Rules of the Superior Court codifies the Court's ability to dismiss for this reason:

> **CVR 41.1. Call of the Docket - Status Hearings.** Status hearings shall be scheduled by the clerk in all cases pending with no action taken in the preceding six (6) months. Notice shall be given in writing to each attorney of record in every case to be called, stating the date and time for such hearing. If good and sufficient reasons are not presented by counsel for failure to have taken appropriate

---

[3] The following is an excerpt from the January 18, 2013 hearing on Plaintiff's *Motion*:

ATTORNEY GAVRAS: "I am not the lawyer on the bankruptcy. Actually, I was for just a very short period of time. ... Mr. Williams is the lawyer for the debtor in the bankruptcy. So, I don't know the status of the bankruptcy. The stay can still be in effect. The claims may not have been resolved in the bankruptcy court... I don't even know if a claim was *filed* in the bankruptcy court for this thing. I believe it was *listed* by the debtor. I do think judge was mistaken for ordering that the case be dismissed for failure to prosecute because there was a stay involved...there was no way it COULD be prosecuted."

COURT: "Mr. Gavras, are the O'Connors, or at least the minor, Mr. O'Connor – Wendell O'Connor – is he listed as an unsecured, unliquidated claim of the estate?"

GAVRAS: "I believe that is correct, your Honor."

COURT: "Ok. Now at any point did you file, on behalf of the Plaintiffs in the bankruptcy case, any motion to lift the stay to liquidate the claim that is pending here?"

GAVRAS: "No, I did not. I am not a bankruptcy attorney. I did not feel at all comfortable proceeding in that court."

action in any such case, the Court may dismiss the action or enter such other order as may be proper.

## CONCLUSION

Plaintiff failed to provide any evidence that the claims against Defendants/Debtors were closely monitored in the bankruptcy proceedings; or that Plaintiff requested to lift the automatic stay to proceed with the lawsuit in the Superior Court of Guam; or that Plaintiff sought to pursue his claims in Bankruptcy Court by filing an adversary proceeding to liquidate the claim in that venue; or that Plaintiff appeared at the initial Creditors Meeting or in entered any objection to discharge in bankruptcy of the claims against the debtors; or any reasonable basis for continuance on the Court's calendar. [4] Despite Defendants/Debtors identifying Plaintiff as a creditor of the estate, with all the attendant rights of creditors under the Bankruptcy Code, Plaintiff simply failed to exercise those rights in either forum. For all the aforementioned reasons, Plaintiff's Motion is **DENIED**.

**SO ORDERED** this 26th day of April 2013.

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

APR 2 6 2013

Roman F.P. Quinata
Deputy Clerk. Superior Court of Guam

_____
**HONORABLE MARIA T. CENZON**
Judge Superior Court of Guam

---

[4] The Arizona Court of Appeals Court case of Barber v. Nelson, 2009 WL 449250 (Ariz. App. Div. 1 2009)(unpublished decision), while not legal precedent in this jurisdiction, supports this Court's ruling that, notwithstanding the filing by a defendant for bankruptcy protection – thereby evading prosecution in state court during pendency of the automatic stay, a plaintiff must diligently prosecute the claims in whatever avenue is available to it and not allow it to sit idle for years on the trial court's calendar simply because an automatic stay has been imposed. In Barber, the Arizona Court of Appeals affirmed the dismissal of a plaintiff's state court action after it had been placed on the court's "Inactive Calendar" following the defendant's filing of a voluntary petition for Chapter 11 bankruptcy. The trial court there had cautioned counsel that it would dismiss the matter unless plaintiff demonstrated that "(1) he had moved to lift the stay, (2) he sought to pursue his claims in the bankruptcy court, (3) he obtained severance of the claims against nelson from the claims against other parties or (4) there was a reasonable basis for continuance on the inactive calendar." Plaintiff failed to take any of the specified actions; therefore, the trial court dismissed for failure to prosecute, finding that there was no equitable tolling despite the automatic stay in bankruptcy because plaintiff did not pursue any available remedy in the bankruptcy court. Similar circumstances existed in this lawsuit.